# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND G. WAGNER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RALPH M. DIAZ,<br><br>　　　　Respondent. | Case No.: 1:12-cv-01782-LJO-JLT<br><br>ORDER GRANTING MOTION TO SUBMIT ADDENDUM (Doc. 15)<br><br>ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR DISCOVERY (Doc. 18) |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

　　　　The instant petition was filed on October 31, 2012. (Doc. 1). Before Respondent filed the Answer, Petitioner filed a motion to submit an addendum to the petition on January 28, 2013. (Doc. 15). On February 6, 2013, Petitioner filed a motion for discovery, seeking copies of police reports used in a hearing on a suppression motion prior to trial. Such evidence, Petitioner maintains, is necessary to develop his Fourth Amendment claim. (Doc. 18). On March 15, 2013, Respondent filed the Answer (Doc. 21), and on April 16, 2013, Petitioner filed his Traverse. (Doc. 25). The matter is now ready for a decision on the merits.

# **DISCUSSION**

Regarding the motion to submit an addendum to the petition, Respondent has not objected to such a motion and, indeed, filed the Answer after the documents in the proposed addendum had been filed with the Court. Accordingly, the Court will grant that motion and consider all documents contained in the addendum as part of the record in this case.

Regarding Petitioner's motion for discovery, the writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See*, *e.g.* Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting). A habeas proceeding does not proceed to "trial" and unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery. Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969). Instead, modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)). Indeed, the United States Supreme Court recently reaffirmed that, under AEDPA review, "evidence introduced in federal court has *no bearing* on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) on the record that was before that state court." Cullen v. Pinholster, ___U.S. ___, 131 S.Ct. 1388, 1400 (2011)(emphasis supplied); see 28 U.S.C. § 2254(d)(1)(setting forth the applicable standard for federal habeas review as whether the state court adjudication was "contrary to" or an "unreasonable application" of "clearly established federal law").

As a result, a habeas petitioner does not have the right to inquire into all matters which are relevant to the subject matter involved in the pending action, whether admissible at trial or not. Harris, 394 U.S. at 297. "Such a broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding." Id. Elaborate discovery procedures would cause substantial delay to prisoners and place a heavy burden upon courts, prison officials, prosecutors, and police. Id.

Although discovery is available pursuant to Rule 6, it is *only* granted at the Court's discretion, *and upon a showing of good cause*.  Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.  The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery provisions.  Rule 6, Advisory Committee Notes (quoting Harris, 394 U.S. at 295, 89 S.Ct. at 1089).

Here, Petitioner has failed to show good cause for granted even limited discovery.  All of the requested discovery relates to Petitioner's Fourth Amendment claims, which, by federal law, ***cannot*** be reviewed on the merits in these habeas proceedings.  As Respondent correctly observes in the Answer, this Court is not authorized to conduct a full inquiry into the merits of Petitioner's Fourth Amendment claims; rather, the only inquiry under the United States Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976), is whether Petitioner had a "full and fair" chance to litigate his Fourth Amendment claims in state court.  Since none of the proposed documents sought by Petitioner in his motion for discovery are relevant to that limited inquiry, the motion will be denied.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion to submit an addendum to the petition (Doc. 15), is GRANTED; and,
2. Petitioner's motion for discovery (Doc. 18), is DENIED.

IT IS SO ORDERED.

Dated:   **August 6, 2013**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE